UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ERIC ROGERS, *an individual,*

      Plaintiff,                                    CASE NO.:

V.

DIAMONDHEAD BEACH RESORT, LLC,
a Florida limited liability company,

      Defendants.

_____/

## COMPLAINT

Plaintiff, ERIC ROGERS, (hereinafter "Plaintiff"), sues Defendant, DIAMONDHEAD BEACH RESORT, LLC, for injunctive relief, attorneys' fees, litigation costs, and damages, including but not limited to disbursements, court expenses, and other fees, pursuant, *inter alia*, to the Americans with Disabilities Act, 42 U.S.C. § 12181 ("ADA") and the ADA Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter "ADAAG"), as follows:

## INTRODUCTION

1. DIAMONDHEAD BEACH RESORT, LLC ("Defendant") owns and/or operates that certain hotel known as the Diamondhead Beach Resort, located at 2000 Estero Blvd., in Ft. Myers Beach, Florida (the "Hotel").

2. Defendant takes reservations for the Hotel through its website, www.diamondheadfl.com (the "Website").

3. As of March 15, 2012, Defendants were required to ensure that all of their reservation systems, including online reservation systems (a) identify and describe disabled accessible features of ADA compliant guest rooms in detail; (b) permit disabled individuals to independently assess whether reservable accessible guestrooms meet their individual accessibility needs (by describing

accessible features of the guestroom); and (c) allow reservations to be taken for accessible guestrooms in the same manner as for non-accessible guestrooms.[1]

4. Defendant does not make accessible guestrooms reservable on its Website (even though its accessibility statement clearly indicated some knowledge of its legal responsibilities), and this lawsuit follows.

## PARTIES

5. At all times Material hereto, Plaintiff, ERIC ROGERS, was and is over the age of 18 years, *sui juris*, and a resident of Broward County, Florida. Plaintiff is a paraplegic and therefore has a qualified disability as that terms is defined by the ADA.

6. Plaintiff visits the west coast of Florida for leisure, and as a quick and easy vacation destination from his home on the east coast of the state.

7. Defendant is a Florida limited liability company, which owns or operated the Hotel, and takes guest reservations through the Website.

## JURISDICTION AND VENUE

8. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C., §§1331, 1343, as Plaintiff's claims arise, *inter alia*, under 42 U.S.C. §12181. et seq., based upon the enumerated violations of Title III of the Americans with Disabilities Act (*see also*, 28 U.S.C. §§ 2201 and 2202).

9. This Court has personal jurisdiction over Defendant in this action. Defendant is a Florida limited liability company, which runs the Website, takes reservation and payment from persons in this District, and violated Plaintiff's rights in his District, inasmuch as this is where the ADA violation at issue was encountered.

---

[1] This is a non-exclusive list of requirements imposed by 28 C.F.R. §36.302(e)(l).

10. Venue lies in this District pursuant to 28 U.S.C. §1391(a)(2), because a substantial part of the events or omissions giving rise to the claims here at issue occurred in this District; Plaintiff encountered Defendants' ADA violations in this District, and the injury to Plaintiff therefore occurred in this District.

## COUNT I
## VIOLATION OF ADA RESERVATION SYSTEM REQUIREMENTS

11. Pursuant to the mandates of 42 U.S.C. §12134(a), on September 15, 2010, the Department of Justice, Office of the Attorney General ("DOJ"), published revised regulations for Title III of the Americans With Disabilities Act of 1990. Public accommodations, including places of lodging were required to conform to these revised regulations <u>on or before March 15, 2012</u>.

12. On March 15, 2012, the revised regulations implementing Title III of the ADA took effect, imposing significant new obligations on inns, motels, hotels and other "places of lodging." 28 C.F.R. §36.302(e)(l) provides that:

> Reservations made by places of lodging. A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations ***made by any means***, including by telephone, in-person, or through a third party –
>
> (i) Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;
>
> (ii) Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;
>
> (iii) Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the

      accessible room requested is the only remaining room of that type;

(iv) Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; and

(v) Guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others.

13. In promulgating the new requirements, the Department of Justice made clear that individuals with disabilities should be able to reserve hotel rooms with the same efficiency, immediacy, and convenience as those who do not need accessible guestrooms. *28 C.F.R. Part 36, Appx. A.*

14. Hotels (and motels) are required to identify and describe all accessible features in the hotel and guestrooms; "[t]his requirement is essential to ensure individuals with disabilities receive information they need to benefit from the services offered by the place of lodging." *28 C.F.R. Part 36, Appx. A.* Moreover, "a public accommodation's designation of a guestroom as "accessible" does not ensure necessarily that the room complies with all of the 1991 Standards." *28 C.F.R. Part 36, Appx. A.* Labeling a guestroom as "accessible" or "ADA" is not sufficient.

15. In addition,

> hotel rooms that are in full compliance with current standards may differ, and individuals with disabilities must be able to ascertain which features – in new and existing facilities – are included in the hotel's accessible guest rooms. For example, under certain circumstances, an accessible hotel bathroom may meet accessibility requirements with either a bathtub or a roll in shower. The presence or absence of particular accessible features such as these may mean the difference between a room that is usable by a particular person with a disability and one that is not.

*28 C.F.R. Part 36, Appx. A.*

16. Accordingly, Defendant is required to set forth specific accessible features and not merely recite that a guestroom is "accessible" or "ADA" or list accessibility features that may (or may not) be offered within a particular room.

17. For hotels in buildings constructed after the effective date of the 1991 Standards, it is sufficient to advise that the hotel itself is fully ADA compliant, and for each accessible guestroom, to specify the room type, the type of accessible bathing facility in the room, and the communications features in the room. *28 C.F.R. Part 36, Appx. A.*

18. It is critically important to Plaintiff that any hotel at which he stays is accessible to him, which takes some research. Plaintiff researches and assesses the accessible features and guestrooms of hotels online, which is the fastest, easiest, and most convenient way to do so when planning a future vacation.

19. The Hotel is a place of public accommodation that owns and/or leases and operates a place of lodging pursuant to the ADA. The Website allows reservations for the Hotel to be taken online. The Defendant has control over information provided to the public about the Hotel through the Website and/or other online platforms.

20. Plaintiff visited the Website to learn about accessible features of Defendant's Hotel, to independently assess whether the Hotel is accessible to him, and to see if he could reserve an accessible room at the Hotel online, meeting his accessibility needs, in furtherance of staying there (if it best meets his accessibility needs) during a future visit to the Ft. Myers area.

21. Upon his visit, Plaintiff discovered that the Website did not allow for the reservation of an accessible room with known accessibility features.

22. In fact, a page entitled suites lists available guestrooms at the Hotel; but as to accessible rooms, it lists an "ADA One Bedroom Gulf View Suite," which includes an entire array of accessibility many different types and kinds of accessible features that the room **may have**, fails to list features that the reserved room **will have**, and directs the reader – as to the accessible room only and as to no others – to call the hotel reservation desk for assistance with this. Courts of this and have specifically held (and the plain text of the law at issue make obvious) that a directive to call the hotel for assistance booking an accessible room (where non-accessible rooms can be booked online without calling anyone) is a violation of the laws here at issue. *See, e.g.,* Poschmann v. Coral Reef of Key Biscayne Developers, Inc., 2018 U.S. Dist. LEXIS 87457 (M.D. Fla. 2018); Juscinska v. Paper Factory Hotel, LLC, 2019 U.S. Dist. LEXIS 92550 (S.D.N.Y. 2019).

23. In fact, while listing an "ADA" room on its website (having indistinct accessibility features), no such ADA room (having known or unknown accessibility features) is reservable on the Website at all. Indeed, when *book now* is selected and dates are entered, various guestroom options are displayed for booking, not including any "ADA" or accessible room options.

24. This is particularly egregious in this case, since Defendant is clearly aware of the requirements set forth above but has apparently elected to simply ignore some of them. For example, the Website has an *Accessibility Statement* wherein it provides accessibility information about the Hotel, list public area accessibility information, and states that accessible rooms are available (without properly describing the accessible features of those rooms), but no accessible rooms are made available for reservation on the Website at all.

25. Plaintiff will visit the Website again after Defendant's compliance with the laws and regulations specified herein, in order to learn about accessible (and inaccessible) features of the Hotel, learn about the accessible (and inaccessible) features of guestrooms, assess the extent to

6

which the Hotel meets each of his specific accessibility needs, determine whether he can reserve an accessible guestroom, reserve an accessible guestroom (if it meets his needs), and to stay at the Hotel during one or more of his visits to Florida's west coast.

26. Defendant has discriminated against Plaintiff and all other mobility-impaired individuals, by denying full and equal access to and enjoyment of the goods, services, facilities, privileges, advantages and accommodations offered on the websites at issue, due to the continuing ADA and ADAAG violations as set forth above.

27. Modifications to the websites at issue (and other online reservation platforms, as applicable) is accomplishable without undue burden or expense and is readily achievable. But in any event, upon information and belief, these websites have been altered, updated, and edited after 2010, but not in a manner compliant with 2010 ADAAG standards.

28. Defendant will continue to discriminate against Plaintiff and all other disabled individuals who access these websites (and other online reservation platforms, as applicable) unless and until Defendant modifies its Website (and other online reservation platforms, as applicable) to set forth all required information, as set forth above.

29. Plaintiff is without an adequate remedy at law and is suffering irreparable harm, and Plaintiff reasonably anticipates that he will continue to suffer this harm unless and until Defendant is required to correct the ADA violations at issue, and to maintain the websites (and other online reservation platforms, as applicable), inclusive of the online reservation system, in a manner that is consistent with and compliant with ADA and ADAAG requirements.

30. Pursuant to 42 U.S.C. §12188(a) this Court has authority to grant injunctive relief to Plaintiff, including an Order that compels Defendant to enact policies that are consistent with the ADA and its remedial purposes, and to alter and maintain the website (and other online reservation

platforms, as applicable), and all online reservation systems, in accordance with the requirements set forth within the ADAAG Standards, 28 C.F.R. Part 36.

WHEREFORE, Plaintiff, ERIC ROGERS, respectfully requests that this Court enter judgment against Defendant, and in his favor, as follows:

a. A declaration that the Website is owned, leased, operated, and/or controlled by Defendant in a manner that violates the ADA, as set forth herein;

b. Temporary and permanent injunctive relief enjoining Defendant from continuing discriminatory practices, including the requirement that Defendant permanently implement policies, practices, procedures, including online content, consistent with the mandates of the 2010 ADAAG Standards on all online reservation platforms (and other online reservation platforms, as applicable);

c. Temporary and permanent injunctive relief enjoining Defendant from maintaining or controlling content, or accepting any reservations, on any website through which they are offering online reservations for any hotel, unless such website and online reservation system fully complies with 28 C.F.R. §36.302(e)(l);

d. An award of reasonable attorneys' fees, costs, disbursements and other expenses associated with this action, in favor of Plaintiff;

e. Such other and further relief as this Court deems just, necessary and appropriate under the circumstances.

DATED this **28th** day of **January,** 2021.

        Respectfully Submitted,

        LAW OFFICES OF NOLAN KLEIN
        *Attorneys for Plaintiff*
        633 S. Andrews Ave., Ste. 500
        Fort Lauderdale, FL 33301
        Ph: (954) 745-0588
        www.nklegal.com

By:   */s/ Nolan Klein*
        NOLAN KLEIN, ESQUIRE
        Florida Bar No. 647977
        klein@nklegal.com
        amy@nklegal.com